1  Kristin L. Holland (SBN 187314)
   kristin.holland@kattenlaw.com
2  Aniesa Rice (SBN 260206)
   aniesa.rice@kattenlaw.com
3  KATTEN MUCHIN ROSENMAN LLP
   2029 Century Park East, Suite 2600
4  Los Angeles, California 90067
   Telephone: 310.788.4400
   Facsimile: 310.788.4471
5
   Floyd A. Mandell (*pro hac vice* admission to be filed)
6  floyd.mandell@kattenlaw.com
   Carolyn M. Passen (*pro hac vice* admission to be filed)
7  carolyn.passen@kattenlaw.com
   KATTEN MUCHIN ROSENMAN LLP
8  525 W. Monroe Street
   Chicago, Illinois 60661-3693
9  Telephone: 312.902.5200
   Facsimile: 312.902.1061
10
   Attorneys for Plaintiff
11

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

                                    **CV09-01778**
14
15 E! ENTERTAINMENT TELEVISION, INC.,     Civil Action No.: _____
   a Delaware corporation,
16                                          **COMPLAINT FOR:**
              Plaintiff,
17                                          **(1) TRADEMARK INFRINGEMENT**
         v.                                     **(15 U.S.C. § 1114)**
18                                          **(2) FALSE DESIGNATION OF**
   ENTERTAINMENT ONE GP LIMITED d/b/a          **ORIGIN (15 U.S.C. § 1125(A))**
19 E1 ENTERTAINMENT, a Canada corporation, **(3) FEDERAL TRADEMARK**
   E1 TELEVISION PRODUCTIONS LTD. d/b/a        **DILUTION (15 U.S.C. § 1125(C))**
20 E1 TELEVISION and E1 TELEVISION         **(4) COMMON LAW TRADEMARK**
   INTERNATIONAL, a Canada corporation, E1     **INFRINGEMENT AND UNFAIR**
21 FILMS CANADA INC. d/b/a E1 FILMS, a         **COMPETITION**
   Canada corporation, E1 ENTERTAINMENT GP **(5) CYBERSQUATTING (15 U.S.C. §**
22 LLC, a Delaware limited liability company, and **1125(D))**
   E1 ENTERTAINMENT U.S. LP, a Delaware    **(6) UNFAIR COMPETITION (CAL.**
23 limited partnership,                         **BUS & PROF. CODE § 17000, *et***
                                                **seq.)**
24            Defendants.
25                                          **DEMAND FOR JURY TRIAL**
26
27
28

Plaintiff, E! Entertainment Television, Inc., by its attorneys and for its Complaint against Defendants, Entertainment One GP Limited d/b/a E1 Entertainment, E1 Television Productions Ltd. d/b/a E1 Television and E1 Television International, E1 Films Canada Inc. d/b/a E1 Films, E1 Entertainment GP LLC, and E1 Entertainment U.S. LP (individually and collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1.     This action arises from Defendants' infringement and dilution of Plaintiff's distinctive and famous family of marks comprised, in whole or in part, of Plaintiff's "E!" mark, including E!, E! ENTERTAINMENT, E! ENTERTAINMENT TELEVISION and numerous variations thereof (collectively, "Plaintiff's E! Marks"). As set forth more fully herein, Defendants substantially incorporated Plaintiff's E! Marks into Defendants' trademarks, trade names, and internet domain name (collectively, "Defendants' E1 Marks") comprised, in whole or in part of, the term E1 or E1 ENTERTAINMENT in an effort to trade on the valuable goodwill and reputation associated with Plaintiff and Plaintiff's E! Marks in the entertainment industry. On information and belief, this conduct has caused, and is likely to continue to cause, confusion as to the affiliation or connection between Defendants and Plaintiff, and as to the source, sponsorship, or approval of Defendants' goods and services, resulting in the unjust enrichment of Defendants. Moreover, Defendants' conduct is causing and/or is likely to cause dilution of Plaintiff's E! Marks. Plaintiff's attempts to amicably resolve this matter have been rebuffed, leaving it no choice but to seek relief from this Court. Plaintiff seeks, among other remedies, injunctive relief, an accounting of Defendants' profits, and damages for injuries that have been and will continue to be caused by Defendants' use of Defendants' E1 Marks in violation of the Lanham Act (15 U.S.C. §§ 1051, *et seq.*), federal law governing false designation of origin (15 U.S.C. § 1125(a)), the Federal Trademark

Dilution Act (15 U.S.C. § 1125(c)), the Anti-Cybersquatting Act (15 U.S.C. § 1125(d)), and California statutory and common law.

## JURISDICTION AND VENUE

2.    This Court has personal jurisdiction over Defendants because Plaintiff is informed and believes that Defendants have engaged in business activities in, and directed to, the State of California and within this judicial district, and because Defendants have knowingly committed tortious acts aimed at, and causing harm within, the State of California and this judicial district.  Moreover, on information and belief, Defendants E1 Television and E1 Television International maintain at least one office in this judicial district.

3.    This Court has jurisdiction over the subject matter herein pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127, *et seq*. This Court also has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §§ 1338(b) and 1367.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides, because Plaintiff is informed and believes that Defendants transact business and/or maintain an office in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.    Plaintiff is a Delaware corporation having its principal place of business at 5750 Wilshire Boulevard in Los Angeles, California 90036.

6.    On information and belief, Defendant Entertainment One GP Limited d/b/a E1 Entertainment ("E1E"), also known as Entertainment One Content GP Limited and Entertainment One Content Limited Partnership, is a corporation with a

place of business at 70 Driver Road, Unit 1, Brampton, Ontario, Canada L6T 5V2, and is the parent company of all other named Defendants.  According to E1E's website, its business started in 1973 in Ontario, Canada, using the trade name "Records on Wheels Limited" ("ROW").  However, on information and belief, E1E commenced a series of name changes beginning in late 2003 or 2004 and, just recently, in or about late January 2009, E1E adopted a new trade name and logo that is virtually identical to the famous trade name and marks owned by Plaintiff.  In a press release, attached as Exhibit A, E1E claims to have changed its name and logo "to signify its metamorphosis into a major independent entertainment content owner and distributor with operations in Canada, the United States, the UK, Holland, and Belgium."  *See* Ex. A.  On information and belief, the true purpose of adopting the new trade name and logo was to exploit Plaintiff's fame and to give E1E and its subsidiaries a level of credibility to which they are not entitled.  Indeed, "E1 Entertainment" is virtually identical to "E! Entertainment", and "E1" is virtually identical to "E!".  On information and belief, E1E integrated all of its operations into four main units: E1 Television, E1 Films, E1 Music and E1 Distribution.  In addition, E1E launched a new website using the internet domain name <e1entertainment.com>.  A screen capture of the home page from E1E's website, located at <www.e1entertainment.com>, is attached as Exhibit B.

7.      On information and belief, Defendant E1 Television Productions Ltd. d/b/a E1 Television and/or E1 Television International is a Canada corporation, with a place of business at 175 Bloor Street, Suite E, North Tower, 14th Floor, Toronto, Ontario, Canada M4W 3R8, which also maintains an office located at 1801 Century Park East, Suite 1910, Los Angeles, California 90067.  On information and belief, Defendant E1 Television Productions Ltd. is a production company that focuses on dramatic and documentary production for television and/or a global film and television licensing/distribution company.

4

8.     On information and belief, Defendant E1 Films Canada Inc. d/b/a E1 Films is a Canada corporation, with a place of business at 175 Bloor Street, Suite E, North Tower, 14th Floor, Toronto, Ontario, Canada M4W 3R8, which conducts business in the United States.   On information and belief, Defendant E1 Films Canada Inc. acquires and exploits filmed entertainment rights across all media – cinema, DVD, television and digital.

9.     On information and belief, Defendants E1 Entertainment GP LLC and E1 Entertainment U.S. LP, d/b/a E1 Entertainment U.S., E1 Distribution U.S., and/or Koch Entertainment are entities related to E1E, located at 22 Harbor Park Drive, Port Washington, New York 11050, which conduct business in the United States.   On information and belief, Defendants E1 Entertainment GP LLC and E1 Entertainment U.S. LP are a supplier of a range of home video products including independent films, television programs on DVD, children's programs, special interest programs, music and more, and/or a music and video distributor in North America and an aggregator of digital music and video content for worldwide distribution, servicing all major and niche digital service providers, including iTunes, Joost, Hulu, YouTube, eMusic, Rhapsody, Amazon and others.

## PLAINTIFF'S BUSINESS AND MARKS

10.     Plaintiff is one of the world's largest producers and distributors of entertainment news and lifestyle-related programming. Plaintiff's "E! Entertainment" television network was launched on June 1, 1990, as the only 24-hour network with programming dedicated to the world of entertainment and is currently available to over 96 million cable and direct broadcast satellite subscribers in the United States. Plaintiff's television network and online and mobile platforms offer compelling celebrity interviews, talk shows, news, docudramas, behind-the-scenes specials, comedy, movie previews, and the most comprehensive coverage of the entertainment industry's award shows, among other programming. Internationally, the E! television network is distributed via cable, satellite and IPTV throughout the world. Plaintiff

manages the sale and distribution of programming assets internationally via traditional and new media platforms. These activities range from channel distribution and new media and DVD distribution to program and format sales. E! also produces original programming for distribution on its networks worldwide. In total, E! programming can be seen in approximately 120 countries worldwide, reaching hundreds of millions of homes.

11. Since 1990, Plaintiff has expended considerable time, resources and effort in promoting Plaintiff's E! Marks throughout the United States and elsewhere. As a result of these efforts, Plaintiff has built substantial recognition and goodwill and has developed significant intellectual property rights in Plaintiff's E! Marks, for which it has been issued numerous trademark registrations by the United States Patent and Trademark Office ("USPTO"). *See, e.g.*, U.S. Registration Nos. 1645541, 1645542, 1645543, 1976828, 2395979, 2522031, 2545008, and 3037991. Plaintiff has also been using Plaintiff's E! Marks internationally, including in Canada, for a number of years and well before Defendants commenced use of Defendants' E1 Marks. As a consequence of the extensive advertising, promotion, and use of Plaintiff's E! Marks, Plaintiff has developed enormous recognition for its services under Plaintiff's E! Marks and has acquired and enjoys an immensely valuable reputation and tremendous goodwill under Plaintiff's E! Marks. Plaintiff's E! Marks are world renowned and "famous" for purposes of 15 U.S.C. § 1125(c)(1).

## DEFENDANTS' BUSINESSES AND MARKS

12. Defendants use Defendants' E1 Marks, including E1, E1 ENTERTAINMENT, E1 TELEVISION, E1 TELEVISION INTERNATIONAL, E1 KIDS, E1 FILMS, E1 ENTERTAINMENT CANADA, E1 ENTERTAINMENT UK, E1 ENTERTAINMENT BENELUX, E1 ENTERTAINMENT U.S., E1 MUSIC, E1 DISTRIBUTION CANADA, and E1 DISTRIBUTION U.S., in connection with their entertainment content and distribution businesses.

13.    On information and belief, all of Defendants' business activities are conducted in connection with Defendants' E1 Marks, which substantially incorporate Plaintiff's E! Marks with the substitution of the number "1" in place of "!" and, in some cases, with the addition of one of the descriptive terms "television," "film," "distribution," "music," etc. Phonetically, Defendants' E1 Marks sound identical, or nearly identical, to Plaintiff's E! Marks, which are famous.  As such, Defendants' E1 Marks are consistently used and displayed in such a way that blatantly encroaches upon Plaintiff's E! Marks.    Articles discussing Plaintiff or Defendant make it virtually impossible to distinguish what company is being referred to as the news media often shortens Plaintiff to "E!" and Defendant to "E1".  Even the capitalized "E" and use of "Entertainment" in the logos render the marks remarkably similar.  To illustrate the striking similarity between Plaintiff's E! Marks and Defendants' E1 Marks, some of these marks are reproduced below:

| **PLAINTIFF'S E! MARKS** | **DEFENDANTS' E1 MARKS** |
|---|---|
|   ENTERTAINMENT TELEVISION |  |
| E! Entertainment | E1 Entertainment |
| eentertainment.com | e1entertainment.com |
| E! Entertainment Television | E1 Television |
| E! | E1 |

14.    Upon learning of Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, Plaintiff formally demanded

that Defendants discontinue all use of Defendants' E1 Marks. A copy of Plaintiff's February 17, 2009, correspondence is attached hereto as Exhibit C.

15.     It was not until March 5, 2009, that Defendants' counsel substantively responded to Plaintiff's February 17, 2009 correspondence by stating, in a relatively conclusory manner in a letter, that there was no likelihood of confusion and effectively refusing Plaintiff's request that Defendants cease using the offending marks. A copy of the March 5, 2009 correspondence from Defendants' counsel is attached hereto as Exhibit D.

16.     Thereafter, Plaintiff initiated another unsuccessful attempt to resolve this dispute amicably, including contacting Defendants' counsel by telephone. Nevertheless, Defendants continue to refuse to voluntarily cease and desist from their unauthorized and infringing uses of Plaintiff's E! Marks.

17.     On information and belief, Defendants adopted Defendants' E1 Marks to intentionally exploit the notoriety of Plaintiff's E! Marks and to trade on the goodwill, reputation, and enormous success associated with Plaintiff E! Marks. Indeed, on information and belief, Defendants, for the purpose of intentionally and nefariously capitalizing upon Plaintiff's valuable goodwill, have continued and expanded their use of Defendants' E1 Marks with actual knowledge of Plaintiff and its ownership and use of Plaintiff's E! Marks.

18.     On information and belief, Defendants have recently embarked on an extensive public relations and advertising campaign in callous disregard of Plaintiff's rights, resulting in further irreparable harm to Plaintiff.

19.     The confusing similarity between Defendants' E1 Marks, on the one hand, and Plaintiff's E! Marks, on the other hand, is likely to cause confusion as to the source of Defendants' goods and services. Thus, Defendants have been and are engaged in acts which are injurious and deceptive to the public and which have caused Plaintiff irreparable harm.

# FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

20.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 21 of this Complaint.

21.     As a result of Plaintiff's extensive use and promotion of Plaintiff's E! Marks and Plaintiff's commitment to seeking federal registrations for, and protecting the distinctiveness of, such marks, such marks enjoy considerable goodwill, widespread recognition, and secondary meaning in commerce that has become associated with Plaintiff and its goods and services.

22.     Prior to Defendants' adoption and use of Defendants' E1 Marks, Defendants either had actual notice and knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of Plaintiff's ownership and registrations of Plaintiff's E! Marks.

23.     On information and belief, Defendants, in order to cause confusion or mistake or to deceive consumers, and in an attempt to trade on the enormous goodwill, reputation, and marketing power established by Plaintiff under Plaintiff's E! Marks, deliberately and willfully used and are using Defendants' E1 Marks.

24.     Defendants have used Defendants' E1 Marks in interstate commerce, including in this judicial district.

25.     Many of the goods and services sold by Defendants under Defendants' E1 Marks are identical to and/or substantially similar to the goods and services sold by Plaintiff under Plaintiff's E! Marks and are being offered through the same channels of trade and/or advertising and to the same consumer groups.

26.     Plaintiff has not consented to Defendants' use of Defendants' E1 Marks.

27.     Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, falsely indicates to consumers that

Defendants' goods and services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Plaintiff.

28. Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, is likely to cause consumers to be confused as to the source, nature, and quality of the goods and services that Defendants are offering in connection with Defendants' E1 Marks.

29. Defendants' registration, ownership and use of the internet domain name <e1entertainment.com>, which is nearly identical and confusingly similar to Plaintiff's E! Marks, are likely to cause consumers to be confused, especially when the goods and services offered on Defendants' website, located at <www.e1entertainment.com>, are virtually identical to those offered by Plaintiff. The fact that, on a computer keyboard, "!" appears on the same key as "1" enhances the likelihood that consumers looking for Plaintiff will arrive on Defendants' website.

30. Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, deprives Plaintiff of the ability to control consumer perception of the quality of the services marketed under Plaintiff's E! Marks and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

31. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

32. The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

33. Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon Plaintiff's E! Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

34. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 35 of this Complaint.

35. As a result of Plaintiff's extensive use and promotion of Plaintiff's E! Marks and Plaintiff's commitment to seeking federal registrations for, and protecting the distinctiveness of, such marks, such marks enjoy considerable goodwill, widespread recognition, and secondary meaning in commerce that has become associated with Plaintiff and its goods and services.

36. Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, falsely suggests that Defendants' business is connected with, sponsored by, affiliated with, or related to Plaintiff.

37. Defendants' unauthorized use of Plaintiff's E! Marks, as alleged herein, constitutes false designation of the origin of Defendants' goods and/or services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)).

38. The intentional nature of Defendants' aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117.

39. Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement and, unless enjoined by the Court, Defendants will continue to infringe upon Plaintiff's E! Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

## THIRD CAUSE OF ACTION

## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(C))

40. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 41 of this Complaint.

11

41.    Plaintiff's E! Marks are famous marks that are widely recognized by the general public, and they identify the goods and services of Plaintiff in the minds of consumers.

42.    Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, began after Plaintiff's E! Marks had become famous.

43.    Defendants' unauthorized use of trade names and service marks that so prominently incorporate Plaintiff's E! Marks effectively blurs and whittles away at the identity-evoking quality of Plaintiff's E! Marks, which consumers associate with Plaintiff and its goods and services.

44.    Defendants' unauthorized use of Plaintiff's E! Marks as a key component of Defendants' trade names and internet domain name is likely to have, has, and will continue to have, an adverse effect upon the distinctive quality of Plaintiff's E! Marks.

45.    Defendants' acts constitute trademark dilution in violation of the Federal Trademark Dilution Act of 1955 (15 U.S.C. § 1125(c)).

## FOURTH CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46.    Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 47 of this Complaint.

47.    Defendants' conduct constitutes deception by which Defendants' goods and services have been palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of California.

48.    Plaintiff has used Plaintiff's E! Marks in connection with the marketing, creation, distribution, sale, and/or broadcasting of goods and services featuring

entertainment content, such as television programming and celebrity news, since 1990. By reason of Plaintiff's longstanding and extensive use, Plaintiff's E! Marks have become uniquely associated with Plaintiff and identify Plaintiff as the source of Plaintiff's goods and services.

49.     Defendants' unauthorized use of Plaintiff's E! Marks, by virtue of Defendants' use of Defendants' E1 Marks, is likely to cause confusion or mistake, or is likely to deceive customers, consumers, the general public, and the trade as to the affiliation, connection, or association between Plaintiff and Defendants and/or as to the origin of, sponsorship of, or other association between the parties' respective goods and services.

50.     By reason of the foregoing, Defendants have infringed and are continuing to infringe on Plaintiff's common law rights in and to Plaintiff's E! Marks, and Defendants have become unjustly enriched by such acts of infringement.

51.     Defendants' unlawful conduct has been and continues to be willful or willfully blind to Plaintiff's rights, as Defendants have reason to know of Plaintiff's rights.

52.     Plaintiff has been and will continue to be irreparably harmed by Defendants' aforementioned acts of trademark infringement and unfair competition, and, unless enjoined by the Court, Defendants' wrongful acts will continue. There is no adequate remedy at law for the harm caused by the acts of infringement and unfair competition alleged herein.

## FIFTH CAUSE OF ACTION

## CYBERSQUATTING (15 U.S.C. § 1125(D))

53.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 54 of this Complaint.

54.     Plaintiff's E! Marks were distinctive at the time Defendants registered the infringing internet domain name <e1entertainment.com>, and Plaintiff's E! Marks remain distinctive today.

55.    Defendants' infringing domain name was nearly identical and confusingly similar to Plaintiff's E! Marks at the time that Defendants registered such domain name, and such domain name remains nearly identical and confusingly similar today.

56.    Defendants registered, used, and continue to use the infringing domain name with bad faith intent to profit from the recognition and goodwill associated with Plaintiff's E! Marks.

57.    Defendants' registration and use of the infringing domain name has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial.

58.    In addition, Defendants' registration and use of the infringing domain name is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17000, *et seq.*)

59.    Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 60 of this Complaint.

60.    Defendants' acts described above constitute unfair competition in violation of California Business and Professional Code § 17200, *et seq.*, as they are likely to deceive the public.

61.    Defendants' acts of unfair competition have caused and will continue to cause Plaintiff irreparable harm.    Plaintiff has no adequate remedy at law for Defendants' acts of unfair competition alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that Defendants, their subsidiaries, officers, agents, servants, employees, owners, and representatives, and

all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner Defendants' E1 Marks, Plaintiff's E! Marks, and/or any and all colorable imitations of such marks, including, without limitation, any name, mark and/or domain name that, without regard to capitalization, incorporates, in whole or in part, "e!" or "e1" or "e entertainment" or, again without regard to capitalization, in which the letter "e" is otherwise a dominant component (*e.g.*, E Television) (collectively, the "Prohibited Marks"); and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Plaintiff, as to the source of the goods or services offered, distributed or marketed by Defendants, or as to whether there is a connection between Defendants and Plaintiff;

2.     A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue doing business under Defendants' E1 Marks, including, without limitation, discontinuing offering or marketing goods and services in connection with such marks and any other of the Prohibited Marks;

3.     A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver for destruction, or to show proof of said destruction or sufficient modification to eliminate, all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody, or under the control of Defendants, including their respective subsidiaries, agents, and distributors, bearing any of the Prohibited Marks;

4.     A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing any of the Prohibited Marks,

including, without limitation, any text and/or images that are hosted on any internet website under Defendants' control or otherwise with Defendants' authorization or on any of Defendants' computers or hard drives or other storage media;

5. A judgment ordering the cancellation, or transfer to Plaintiff, of the infringing internet domain name <e1entertainment.com>, along with any and all other domain names registered by Defendants or otherwise under Defendants' control that are comprised, in whole or in part, of any of the Prohibited Marks;

6. A judgment that, pursuant to 15 U.S.C. § 1117(a) and (b), Plaintiff be awarded its reasonable attorneys' fees from Defendants, together with three (3) times the amount of whichever is greater: (a) Defendants' profits from their use of the Prohibited Marks, or (b) Plaintiff's actual damages resulting from Defendants' use of the Prohibited Marks;

7. A judgment, pursuant to 15 U.S.C. § 1117(d), awarding Plaintiff up to $100,000 per internet domain name used by Defendants in violation of 15 U.S.C. § 1125(d)(1);

8. A judgment awarding Plaintiff sufficient funds for corrective advertising to mitigate the damage caused by Defendants' wrongful and substantial advertising and public relations campaign;

9. A judgment in connection with the asserted common law claims and/or otherwise permitted by law, including, without limitation, an award of punitive damages in favor of Plaintiff in an amount to be determined;

///

///

///

///

10.   A judgment declaring that Defendants may not register or otherwise use in any manner any of the Prohibited Marks; and

11.   A judgment granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  March 13, 2009

E! ENTERTAINMENT TELEVISION, INC., a Delaware corporation

By: _____
One of Its Attorneys

Kristin L. Holland (SBN 187314)
Aniesa Rice (SBN 260206)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell
(*pro hac vice* admission to be filed)
Carolyn M. Passen
(*pro hac vice* admission to be filed)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: March 13, 2009

E! ENTERTAINMENT TELEVISION, INC., a Delaware corporation

By: _____

One of Its Attorneys

Kristin L. Holland (SBN 187314)
Aniesa Rice (SBN 260206)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell
(*pro hac vice* admission to be filed)
Carolyn M. Passen
(*pro hac vice* admission to be filed)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

EXHIBIT A

# Entertainment One rebrands as E1 Entertainment

## January 23rd 2009

**Entertainment One Recasts Itself as E1 Entertainment – Press Release**
New Look and Organisational Structure Reflect Company's Growing Global Ambitions

TORONTO and LONDON, January 22, 2009 – Entertainment One Ltd. (AIM: ETO), having successfully completed a series of strategic acquisitions which have quickly vaulted it up the list of the world's leading entertainment companies, today unveiled a new name, visual identity and structure designed to unite the company's worldwide operations under one global banner.

The company will now operate as E1 Entertainment, and has adopted a new logo to signify its metamorphosis into a major independent entertainment content owner and distributor with operations in Canada, the United States, the UK, Holland, and Belgium. In addition, E1 has integrated all of its operations into four main units: E1 Television, E1 Films, E1 Music and E1 Distribution. These businesses collectively represent E1's international operations in film distribution, television and music production/distribution including its Kids Division as well as its Licensing and Distribution divisions.

The company also announced it will launch a new corporate website shortly at www.e1entertainment.com

"This re-branding is an important milestone for our company," said Darren Throop, E1's chief executive officer. "E1's new name, logo and corporate structure are important elements to defining E1's evolving identity, and will help inspire our next phase of growth."

"Over the past two years we have successfully diversified into film and television, while at the same time expanding our capabilities, extending our geographic reach and creating one of the most rousing stories in the entertainment business. Now we're focused on executing against our strategy to dramatically expand our content ownership and extend our global distribution network."

Rapid Growth
In addition to Throop, E1's senior leadership team includes Chief Financial Officer Giles Willits and Filmed Entertainment President Patrice Theroux, both of whom have worked closely with Throop as he transformed the company through a series of key acquisitions, including:

Contender Entertainment Group, one of the largest distributors of film and television content in the UK

Seville Entertainment Inc., a leading Canadian film distribution and entertainment rights owner

RCV Entertainment BV, the leading independent film distributor operating in the Netherlands and Belgium

Barna–Alper, a leading producer of Canadian television programs and key supplier to Canadian broadcasters

Blueprint Entertainment, a Los Angeles–based television production company that has become a key supplier to US cable networks

Oasis Pictures, a Canadian television international sales and distribution company that has licensed product to over 500 broadcasters in 150 countries, and Maximum Films, a Canadian and International film distribution company with distribution agreements with Lakeshore, IFC and Cinetic.

The Four Pillars

All these acquired companies have now been successfully integrated into E1's existing operations, which are organized around the company's four primary revenue drivers: Television, Film, Music and Distribution.

E1 Television

Barna–Alper, Blueprint Entertainment and Oasis International have been folded into E1 Television. Former Blueprint chief John Morayniss becomes the CEO of the newly integrated division, while Barna–Alper founder Laszlo Barna will take on the role of president. Oasis founder Peter Emerson will continue to lead E1's global television distribution as president, E1 Television International.

Kids producer and distributor, Rubber Duck, headed by Laura Clunie based in London UK, and Blueprint Kids, headed by Frank Saperstein based in Los Angeles, will now be known as E1 Kids.

E1 Films

Canadian distributors Seville Pictures and Maximum Films have combined to form E1 Entertainment Canada under the continued leadership of Co–Presidents David Reckziegel and Bryan Gliserman. Les Films Seville, E1 Entertainment Canada's Montreal–based subsidary, will now be known as Les Films Seville, Une filiale de E1 Entertainment.

UK distributor Contender Entertainment Group will operate as E1 Entertainment UK under the continued leadership of Managing Director Richard Bridgwood, while RCV Entertainment becomes E1 Entertainment Benelux under the direction of long–time Co–Managing Directors Jan Kouwenhoven and Joke Wartenbergh.

Meanwhile, Seville International and Maximum International have also been combined to form E1 Films International, led by Charlotte Mickie.

Lastly, Koch Entertainment founder Michael Koch and long–time Koch executive Michael Rosenberg will continue to lead E1's U.S. film distribution under the banner of E1 Entertainment U.S., the name chosen to replace Koch Vision.

E1 Music

Michael Koch becomes CEO, E1 Music, with responsibility for E1 Records and E1 Music Publishing, which replace, respectively, Koch Records and Koch Music Publishing. Bob Frank remains president of both U.S. music subsidiaries.

Koch Canada becomes E1 Music Canada, headed by Dominique Zgarka, who is president of music and special products.

E1 Distribution, E1's Canadian wholesale unit will change its name to E1 Entertainment Distribution Canada under the continued leadership of Terry Stevens. The two other units reporting to Stevens, retail chain CD Plus and Videoglobe 1, will continue to operate under their current names.

And Koch Distribution becomes E1 Entertainment Distribution U.S., also under the leadership of Michael Koch and Michael Rosenberg.
All subsidiary name and logo changes are expected to be implemented over the next 60 to 90 days.

Looking Ahead

In the coming months, the company will continue to execute against its core strategy while also seeking to maximize new revenue streams from high growth areas including merchandising and licensing and digital.

–ENDS–

Enquiries:
Edelman Tom Sargent +1 416 979 1120
Quiller Consultants John Eisenhammer +44 (0) 20 7233 9444

Back

EXHIBIT B



[Contact Us](#) | [Site Map](#) | [Search](#)

- 
- 
- 

  - 
  - Contender Group
  - RCV Entertainment BV
  - Seville Pictures

- 

  - 
  - Oasis
  - Blueprint
  - Barna Alper

- 

  - 
  - Koch Canada
  - Koch Records

- 

  - 
  - Entertainment One Canada
  - Koch Entertainment Distribution



A Leading International
Entertainment Content
and Distribution Business

NEWS

Proposed Partial Cash Offer by
Marwyn Neptune Fund LP and Notice
of Extraordinary General Meeting

E1 film and TV content now available
on the iTunes Stores in the US,
Canada and the UK

E1 Entertainment s Throop Calls for
Stable, Ongoing Commitment to
Canada s Independent Film and
Television Sector

© 2009 Entertainment One Ltd. Corporate Information | Disclaimer | Accessibility | Privacy

Delivered by Investis

**EXHIBIT C**

# Katten

**KattenMuchinRosenman LLP**

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

FLOYD A. MANDELL
floyd.mandell@kattenlaw.com
312.902.5235 direct
312.577.8982 fax

February 17, 2009

*VIA FEDERAL EXPRESS and E-MAIL (info@entertainmentone.ca)*

Darren Throop
Chief Executive Officer
E1 Entertainment
70 Driver Road
Unit 1
Brampton, ON
L6T 5V2

Re:     **Infringement of E! Entertainment's Trademarks**

Dear Mr. Throop:

This law firm represents E! Entertainment Television, Inc. ("E! Entertainment") in connection with its worldwide trademark policing and enforcement efforts. We have been asked by our client to resolve its concerns regarding your use of the marks and logos "E1 Entertainment" and "E1" in connection with your entertainment content ownership and distribution services.

As you may know, E! Entertainment is the world's largest producer and distributor of entertainment news and lifestyle-related programming. Its cable television channel, the E! channel, reaches more than 90 million cable and direct broadcast satellite subscribers in the United States alone. Since 1990, E! Entertainment has expended considerable time, resources and effort in promoting its "E!" and "E! Entertainment" marks and trade name, and numerous variations thereof (individually and collectively, the "E! Marks"), throughout the United States, Canada and elsewhere. As a result of these efforts, our client has built substantial recognition and goodwill, and has developed significant intellectual property rights, in its E! Marks. Indeed, our client has obtained several federal trademark registrations for its E! Marks. See e.g., Registration Nos. 1645541, 1645542, 1645543, 1976828, 2395979, 2522031, 2545008, and 3037991 (enclosed herewith). Certain of these registrations are incontestable under 15 U.S.C. §1065 and, therefore, constitute conclusive evidence of the validity of the marks and registrations, E! Entertainment's ownership of the marks, and its exclusive right to use them.

Our client must protect the valuable rights it holds in its marks, and, as with all trademark owners, it has a legal obligation to prevent others from using its trademarks in a way that is likely to cause confusion, or in a manner that may dilute the strength of its marks. Therefore, E!

CHICAGO    CHARLOTTE    IRVING    LONDON    LOS ANGELES    NEW YORK    PALO ALTO    WASHINGTON, DC    WWW.KATTENLAW.COM
LONDON AFFILIATE: KATTEN MUCHIN ROSENMAN CORNISH LLP
A limited liability partnership including professional corporations

6



Entertainment cannot, and does not, permit others to use its trademarks in any way that might imply an endorsement by it, or otherwise dilute the distinctive quality of its trademarks.

We understand from your website that your business originally operated under the name "Records on Wheels Limited" (ROW) and, thereafter, changed its name to "Entertainment One Income Fund." Since then, your company has progressively changed its name and mark to come closer and closer to E! Entertainment's trade name and famous E! Marks, as illustrated by your most recent name change from "Entertainment One" to "E1 Entertainment." In connection with this last name change, it appears that you abandoned your previous "e1" logo in favor of your new mark and logo, "E1" together with the word "Entertainment," a logo that is virtually identical to our client's famous E! Marks. We also understand that you recently applied for registration of the mark "E1 Entertainment" in Canada. Needless to say, our client, who has a strong presence in Canada, as well as the U.S., is very concerned that your progressive encroachment on its trade name and E! Marks is likely to confuse consumers and cause the mistaken belief that your business is in some way legitimately connected with, or sponsored or approved by, our client.

Indeed, each of the factors a court considers in determining whether a likelihood of confusion exists decidedly point in our client's favor. See e.g., AMF Inc. v. Sleekcraft Boats, 599 F.2d 34, 348-49 (9th Cir. 1979) (abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prod., 353 F.3d 792 (2003)) (setting forth the following eight factors: (a) the strength of the mark; (b) the similarity of the marks; (c) the proximity or relatedness of the goods or services; (d) the defendant's intent in selecting its mark; (e) evidence of actual confusion; (f) the marketing channels used; (g) the likelihood of expansion into other markets; and (h) the degree of care purchasers are likely to use.")

In particular, the strength of our client's E! Marks, as discussed above, and the overwhelming similarity of your client's "E1 Entertainment" and "E1" marks and logos to those marks greatly tip the analysis in our client's favor. Moreover, the fact that you are using such confusingly similar marks and logos for entertainment content distribution services, services our client also provides under its E! Marks, and the fact that you are offering such services through similar, if not identical, marketing channels, are also strong indications that confusion is likely. Because the test is "likelihood of confusion," there is no need to establish actual confusion. Nevertheless, we are confident that a consumer survey would reveal actual confusion. In addition, our client firmly believes that any trademark availability search you should have conducted prior to adopting your "E1 Entertainment" and "E1" marks and logos would have revealed our client's family of E! Marks. As such, we are also confident that we would be able to demonstrate both bad faith and willfulness in your adoption of the confusingly similar marks and logos, which could subject you to increased damages.



**Katten**
KattenMuchinRosenman LLP

Darren Throop
February 17, 2009
Page 3

Our client therefore strongly objects to the activity described above.  Indeed, we believe that your activities may constitute, among other things, trademark infringement, false designation of origin, passing off, unfair competition, dilution, and deceptive trade practices, which could subject you to claims for injunctive relief and damages, including possibly treble damages and payment of attorneys' fees.

E! Entertainment is committed to aggressively protecting its intellectual property rights.  Nevertheless, we are contacting you at this time to notify you of this issue and to give you the opportunity to resolve this matter amicably.   To this end, we ask for your prompt written assurance that you will cease any further use, in any manner, of the mark and logo "E1 Entertainment" and/or "E1," or any confusingly similar variation thereof (alone or together with other words).  In addition, we demand that you agree to immediately withdraw all applications for trademarks comprised of the words "E1" or "E1 Entertainment," or any confusingly similar variation thereof, and that you will never use, adopt or apply to register any name, logo, mark, meta-data or domain name that contains any of E! Entertainment's trademarks, including, but not limited to the E! Marks, and/or any similar variation thereof, alone or together with other words.  Should you refuse to agree to these terms, our client will be forced to take all necessary steps to protect its rights.

As this matter is of great importance to our client, we must request that you please advise us in writing of your intentions *by no later than Monday, February 23, 2009*.  You may send your written confirmation to me directly by e-mail (floyd.mandell@kattenlaw.com) or by correspondence sent to my attention at the office address identified at the top of this letter.  In the meantime, if you have any questions, please contact me at (312) 902-5235, or my associate, Carolyn Passen, at (312) 902-5377.

If we do not receive the requested assurances from you on or before February 23, 2009, we will assume that you do not wish to resolve this matter amicably, and we will advise our client accordingly.  Under these circumstances, we are hopeful that you will contact us immediately.

Nothing in this letter is intended to waive, modify, or limit any rights or claims that E! Entertainment may have, and E! Entertainment expressly reserves all of its rights.

Sincerely,

Floyd A. Mandell, Esq.

*Enclosures*

**8**



Darren Throop
February 17, 2009
Page 4


cc:    Carolyn M. Passen



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

TESS HOME   NEW USER   STRUCTURED   FREE FORM   Browse Dict   SEARCH OG   BOTTOM   HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | E! ENTERTAINMENT TELEVISION |
| **Goods and Services** | IC 038. US 100 101 104. G & S: television broadcasting services by satellite. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| | IC 041. US 100 101 107. G & S: television programming services. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74045363 |
| **Filing Date** | April 3, 1990 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 26, 1991 |
| **Registration Number** | 1645541 |
| **Registration Date** | May 21, 1991 |
| **Owner** | (REGISTRANT) E! ENTERTAIMNENT TELEVISION INC. CORPORATION DELAWARE 5750 WILSHIRE BOULEVARD LOS ANGELES CALIFORNIA 90036 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENTERTAINMENT TELEVISION" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20010522. |
| **Renewal** | 1ST RENEWAL 20010522 |
| **Live/Dead Indicator** | LIVE |

Trademark Electronic Search System (TESS)                                      Page 2 of 2

TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

**E!**

| | |
|---|---|
| **Word Mark** | E! |
| **Goods and Services** | IC 038. US 104. G & S: television broadcasting services by satellite. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| | IC 041. US 107. G & S: television programming services. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.14 - Ampersands (&); At symbol (@); Brackets, punctuation; Commas; Diacritical marks; Exclamation points (!); Punctuation marks; Question marks (?) <br> 26.11.21 - Rectangles that are completely or partially shaded <br> 26.13.21 - Quadrilaterals that are completely or partially shaded |
| **Serial Number** | 74045412 |
| **Filing Date** | April 3, 1990 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 26, 1991 |
| **Registration Number** | 1645542 |
| **Registration Date** | May 21, 1991 |
| **Owner** | (REGISTRANT) E! ENTERTAINMENT TELEVISION INC. CORPORATION DELAWARE 5750 WilSHIRE BOULEVARD LOS ANGELES CALIFORNIA 90036 |
| **Assignment** | ASSIGNMENT RECORDED |

http://tess2.uspto.gov/bin/showfield?f=doc&state=upilf.3.1                    2/11/2009

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Recorded** | |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20010522. |
| **Renewal** | 1ST RENEWAL 20010522 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

LOGOUT  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | E! ENTERTAINMENT TELEVISION |
| **Goods and Services** | IC 038. US 104. G & S: television broadcasting services by satellite. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| | IC 041. US 107. G & S: television programming services. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.14 - Ampersands (&); At symbol (@); Brackets, punctuation; Commas; Diacritical marks; Exclamation points (!); Punctuation marks; Question marks (?)<br>26.09.21 - Squares that are completely or partially shaded<br>26.13.21 - Quadrilaterals that are completely or partially shaded |
| **Serial Number** | 74045527 |
| **Filing Date** | April 3, 1990 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 26, 1991 |
| **Registration Number** | 1645543 |
| **Registration Date** | May 21, 1991 |
| **Owner** | (REGISTRANT) E! ENTERTAINMENT TELEVISION INC. CORPORATION DELAWARE 5750 WILSHIRE BOULEVARD LOS ANGELES CALIFORNIA 90036 |
| **Assignment** | ASSIGNMENT RECORDED |

http://tess2.uspto.gov/bin/showfield?f=doc&state=upilf.4.1                    2/11/2009

Trademark Electronic Search System (TESS)                                    Page 2 of 2

| | |
|---|---|
| Recorded Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENTERTAINMENT TELEVISION" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20010522. |
| Renewal | 1ST RENEWAL 20010522 |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

[Logout] Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | E! ENTERTAINMENT TELEVISION |
| **Goods and Services** | IC 025. US 022 039. G & S: clothing, namely T-shirts, sweatshirts, hats. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74702553 |
| **Filing Date** | July 13, 1995 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 5, 1996 |
| **Registration Number** | 1976828 |
| **Registration Date** | May 28, 1996 |
| **Owner** | (REGISTRANT) E! Entertainment Television, Inc. CORPORATION DELAWARE 5750 Wilshire Boulevard Los Angeles CALIFORNIA 90036 |
| **Prior Registrations** | 1645543;1778119;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20060823. |
| **Renewal** | 1ST RENEWAL 20060823 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | E! |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: paper goods and printed matter, namely, posters, pens, pencils, notepads and notebooks. FIRST USE: 19981026. FIRST USE IN COMMERCE: 19981026 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.14 – Ampersands (&); At symbol (@); Brackets, punctuation; Commas; Diacritical marks; Exclamation points (I¡); Punctuation marks; Question marks (?)<br>26.09.21 - Squares that are completely or partially shaded<br>26.11.21 - Rectangles that are completely or partially shaded<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 75861173 |
| **Filing Date** | November 30, 1999 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 25, 2000 |
| **Registration Number** | 2395979 |
| **Registration Date** | October 17, 2000 |
| **Owner** | (REGISTRANT) E! Entertainment Television, Inc. CORPORATION DELAWARE 5750 Wilshire Boulevard, 4TH Floor Los Angeles CALIFORNIA 900363209 |
| **Attorney of Record** | ANTHONY M. KEATS |

http://tess2.uspto.gov/bin/showfield?f=doc&state=upilf.6.1

2/11/2009

**18**

Trademark Electronic Search System (TESS)                                      Page 2 of 2

| | |
|---|---|
| **Prior Registrations** | 1645542;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

LOGOUT Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | E! |
| **Goods and Services** | IC 041. US 100 101 107. G & S: ENTERTAINMENT SERVICES, NAMELY THE CREATION, PRODUCTION AND EXHIBITION OF AN AWARDS PROGRAM FOR RECOGNITION OF DISTINGUISHED ACHIEVEMENT IN THE WORLDS OF FILM, TELEVISION, MUSIC AND THEATRE; THE PRESENTATION OF AWARDS FOR RECOGNITION OF DISTINGUISHED ACHIEVEMENT IN THE WORLDS OF FILM, TELEVISION, MUSIC AND THEATRE AND TELEVISION PROGRAMMING. FIRST USE: 19931207. FIRST USE IN COMMERCE: 19931207 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.11.12 - Rectangles with bars, bands and lines<br>26.11.13 - Rectangles (exactly two rectangles); Two rectangles<br>26.19.25 - Geometric solids other than spheres, cylinders, cones, cube, prisms or pyramids<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 76072194 |
| **Filing Date** | June 16, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 2, 2001 |
| **Registration Number** | 2522031 |
| **Registration Date** | December 25, 2001 |
| **Owner** | (REGISTRANT) E! Entertainment Television, Inc. CORPORATION DELAWARE 5750 Wilshire Boulevard Los Angeles CALIFORNIA 900363209 |

| | |
|---|---|
| **Attorney of Record** | SHEILA JOHNSON |
| **Prior Registrations** | 1645541;1645542;1645543 |
| **Description of Mark** | The mark consists of a three dimensional representation of an award, featuring an "E" inside of an exclamation point in crystal. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                    Page 1 of 2



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | E! |
| **Goods and Services** | IC 038. US 100 101 104. G & S: Cable and satellite television broadcasting. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| | IC 041. US 100 101 107. G & S: Entertainment services in the nature of cable and satellite television programming. FIRST USE: 19900601. FIRST USE IN COMMERCE: 19900601 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76283118 |
| **Filing Date** | July 10, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 11, 2001 |
| **Registration Number** | 2545008 |
| **Registration Date** | March 5, 2002 |
| **Owner** | (REGISTRANT) E! Entertainment Television, Inc. CORPORATION DELAWARE 5750 Wilshire Boulevard Los Angeles CALIFORNIA 90036 |
| **Prior Registrations** | 1645541;1645542;1645543 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

Trademark Electronic Search System (TESS)

[.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                          Page 1 of 2

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 11 04:05:37 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet*

*Browser to return to TESS)*

**E!**

| | |
|---|---|
| **Word Mark** | E! |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: pre-recorded audio and/or video discs and tapes featuring celebrities and entertainment news. FIRST USE: 20021125. FIRST USE IN COMMERCE: 20021125 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78516361 |
| **Filing Date** | November 12, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 11, 2005 |
| **Registration Number** | 3037991 |
| **Registration Date** | January 3, 2006 |
| **Owner** | (REGISTRANT) E! Entertainment Television, Inc. CORPORATION DELAWARE 5750 Wilshire Blvd. Los Angeles CALIFORNIA 90036 |
| **Prior Registrations** | 1645542;2395979;2545008;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

http://tess2.uspto.gov/bin/showfield?f=doc&state=upilf.9.1                          2/11/2009

Trademark Electronic Search System (TESS)

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT D

Mar-05-09   03:52pm   From-Osler,Hoskin & Harcourt LLP            4168626666          T-015   P.002/004   F-076

Osler, Hoskin & Harcourt LLP
Box 50, 1 First Canadian Place
Toronto, Ontario, Canada  M5X 1B8
416.362.2111  MAIN
416.862.6666  FACSIMILE

# OSLER

Toronto

Montréal

Ottawa

Calgary

New York

March 5, 2009

John C. Cotter
Direct Dial: (416) 862-5662
jcotter@osler.com
Our Matter No.: 1115384

**BY FACSIMILE**

Mr. Floyd A. Mandell
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL  US   60661-3693

Dear Mr. Mandell:

**RE:   E! Entertainment**

As I indicated in my letter to you dated February 25, 2009, we are Canadian counsel for Entertainment One Ltd. ("Entertainment One"). I am writing to respond to your letter dated February 17, 2009 to Darren Throop. This response will focus on the Canadian specific trade-mark issues and the broader issues relating to Entertainment One's use of the trade-mark E1 Entertainment. You can expect to receive a response from U.S. counsel in relation to the U.S. specific trade-mark issues.

I suspect that it will come as no surprise to you that our position on many of the matters raised in your letter is significantly different than yours, including that the scope of protection afforded to your client's trade-marks is much narrower than you assert and further, that our client's E1 Entertainment trade-marks are not confusingly similar to your client's trade-marks.

I note that in Canada your client is the owner of the following trade-mark registrations:

1.   E! registered under number TMA717,863;

2.   E! ONLINE registered under number TMA497,118; and

3.   E! ENTERTAINMENT TELEVISION registered under number TMA717,862.

However, there are literally hundreds of registered trade-marks in Canada with the prefix "E" (including registrations for "E", "E-1" and "e7"). As such, the scope of protection offered to any such trade-mark, including your client's trade-marks, is quite narrow. In addition, there are a significant number of registrations for wares and services that are similar to those in respect of which your client's trade-marks are registered. In addition, there is extensive common law use of trade-marks with the prefix "E".

PAGE 2/4 * RCVD AT 3/5/2009 2:52:35 PM [Central Standard Time] * SVR:CHI-US-FAX-01/3 * DNIS:8982 * CSID:4168626666 * DURATION (mm-ss):01-36

**telecopy**

# OSLER

Page 2

As you are aware, our client is using and has applied to register in Canada the trade-marks E1 ENTERTAINMENT and E1 ENTERTAINMENT Design, the later being depicted as follows:



You assert in your letter that our client's E1 Entertainment trade-marks are "virtually identical" to your clients "E!" trade-marks and that this is an "overwhelming similarity" between the marks. This is absolutely not the case. The issue is whether our client's E1 Entertainment trade-marks are confusing with your clients "E!" trade-marks. Leaving aside for the moment, possible attacks on the validity of your client's trade-mark registrations, our client's position is that its trade-marks are clearly not confusing with your those of your client, particularly in light of the following factors:

A. the crowded state of the register and the narrow ambit of protection afforded to your client's registrations;

B. the lack of resemblance between the trade-marks in sound;

C. the lack of resemblance between the trade-marks in appearance; and

D. the lack of resemblance between the trade-marks in the ideas suggested.

Although it is not necessarily relevant to the issue of whether or not the trade-marks in question are confusing, your letter suggests that our client has been changing its name and trade-marks to move closer and closer to your client's "E!" trade-marks, which our client vehemently disputes. Our client has, as you note in your letter, used the trade-mark and trade-name ENTERTAINMENT ONE and the trade-mark "e1" for several years (without objection from your client) and has been known for some time as "E1". Its adoption of the E1 Entertainment trade-marks is simply an updating of its brand and a reflection of its identity in the marketplace.

27

Mar-05-09   03:53pm   From-Osler,Hoskin & Harcourt LLP        4168626666        T-015   P.004/004   F-076

# OSLER

Page 3

As result, we see no basis for the assurances and undertakings you request in your letter.

As I mentioned in my discussion with your colleague Carolyn Passer on March 2, 2009, if your client is interested in exploring a co-existence agreement with our client, that is something that our client is prepared to consider. If, however, your client seeks to have our client rebrand to a trade-mark that does not include "E1", that is problematic.

Yours very truly,

John C. Cotter

JCC/msb

c:      Entertainment One Ltd.

PAGE 4/4 * RCVD AT 3/5/2009 2:52:35 PM [Central Standard Time] * SVR:CHI-US-FAX-01/3 * DNIS:8932 * CSID:4168626666 * DURATION (mm-ss):01-36

28



FAXED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E! ENTERTAINMENT TELEVISION, INC., a Delaware corporation **PLAINTIFF(S)** v. ENTERTAINMENT ONE GP LIMITED d/b/a E1 ENTERTAINMENT, a Canada corporation, (see attached) **DEFENDANT(S).** | CASE NUMBER CV09-01778 E |
| | **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __KRISTIN HOLLAND__, whose address is __Katten Muchin Rosenman LLP, 2029 Century Park E., Ste. 2600, Los Angeles, CA 90067__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __03-16-2009__          By: _____

Michele Murray

SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

Kristin L. Holland (SBN 187314)
kristin.holland@kattenlaw.com
Aniesa Rice (SBN 260206)
aniesa.rice@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell (*pro hac vice* admission to be filed)
floyd.mandell@kattenlaw.com
Carolyn M. Passen (*pro hac vice* admission to be filed)
carolyn.passen@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

Attorneys for Plaintiff.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

**CV09-01778**

| | |
|---|---|
| E! ENTERTAINMENT TELEVISION, INC., a Delaware corporation, | Civil Action No.: _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| ENTERTAINMENT ONE GP LIMITED d/b/a E1 ENTERTAINMENT, a Canada corporation, E1 TELEVISION PRODUCTIONS LTD. d/b/a E1 TELEVISION and E1 TELEVISION INTERNATIONAL, a Canada corporation, E1 FILMS CANADA INC. d/b/a E1 FILMS, a Canada corporation, E1 ENTERTAINMENT GP LLC, a Delaware limited liability company, and E1 ENTERTAINMENT U.S. LP, a Delaware limited partnership, | (2) **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))** |
| | (3) **FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(C))** |
| | (4) **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| | (5) **CYBERSQUATTING (15 U.S.C. § 1125(D))** |
| Defendants. | (6) **UNFAIR COMPETITION (CAL. BUS & PROF. CODE § 17000, *et seq.*)** |
| | **DEMAND FOR JURY TRIAL** |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> E! ENTERTAINMENT TELEVISION, INC. <br> County of residence: Los Angeles | **DEFENDANTS** <br> ENTERTAINMENT ONE GP LIMITED, E1 TELEVISION PRODUCTIONS <br> LTD., E1 FILMS CANADA INC., E1 ENTERTAINMENT GP LLC, <br> E1 ENTERTAINMENT U.S. LP |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> KATTEN MUCHIN ROSENMAN LLP <br> (see attachment) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000/domain nm, use; inj.relief

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114, 15 U.S.C. 1125(A), (C), 15 U.S.C. 1125(D) - Trademark infringement, False designation of origin, Trademark dilution, Cybersquatting

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |
| | | | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number: ☐ **CV09-01778**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Canada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _K. Hollum_     Date  _3/13/2009_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET (CV-71)

**Section I(b) – Attorneys for Plaintiff**

Kristin L. Holland (SBN 187314)
Aniesa Rice (SBN 260206)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell (*pro hac vice* admission to be filed)
Carolyn M. Passen (*pro hac vice* admission to be filed)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061